## AS TO APPOINTMENT OF A RECEIVER IN MORTGAGE FORECLOSURE CASES.

Common Pleas Court of Cuyahoga County.

THE OHIO MUTUAL SAVINGS & LOAN CO. V. THE PUBLIC CONSTRUCTION CO. ET AL. (Two Cases.)

Decided, October 6, 1926.

*Foreclosure—Inadequacy of Security Must Be Shown to Entitle a Mortgagee to a Receiver—But where Rents and Profits have been Pledged Such a Showing is not necessary.*

1. In an action for foreclosure of a mortgage an application for appointment of a receiver, on the ground of inadequacy of the security, will be denied, where the testimony shows that the property is worth from $45,000 to $50,000, while the indebtedness is only $33,000.

2. But where the rents and profits have been pledged as additional security and it is so set forth in the mortgage, the necessity of showing inadequacy of security does not arise, and a motion for a receiver will be granted.

*Messrs. M. B. & H. H. Johnson, John T. Scott, Esq.,* Attorneys for Plaintiff.

*Joseph L. Stern, Esq.,* Attorney for Defendant.

RUHL, J.

The matters for the court's consideration in these two cases are two motions, one in each case, for a receiver *pendente lite*. The actions are for foreclosure of mortgages securing promissory notes, which notes are due and unpaid. The plaintiff asks the appointment of receiver upon two grounds. First, inadequacy of security, and second, upon a clause contained in the mortgage which clause pledges the rents and profits as additional security for the payment of the obligations.

"A mortgagee whose debt is due and insufficiently secured has a right under Section 11894 of the General Code to file a petition to foreclose his mortgage and procure a receiver; and having done so he thereby obtains an equitable lien on the rents due subsequent to the appointment of the receiver." 4 Ohio Decisions, 443.

Section 11894, in providing for a receiver on inadequacy of the security, necessarily requires testimony in that regard. Testimony was presented to the court to the effect that each of the properties sought to be subjected to foreclosure were of the value of forty-five to fifty thousand dollars. The claims presented are each in the sum of $33,000. It appears to the court that there is adequate security for the indebtedness and that the appointment of

a receiver under Section 11894, G. C., upon the ground of inadequacy of security, is not tenable, and the request will be denied upon that ground.

Coming now to the consideration of the second reason urged for the appointment of a receiver, that the rents and profits are pledged as additional security and so set forth in the mortgages introduced in evidence, the court will quote the following authorities.

85 N. Y. Supplement, p. 1008:

"Where a bond and mortgage contained a clause pledging the rents and profits of the mortgaged premises in case of default, the mortgagee is entitled to a receiver, *pendente lite,* without showing inadequacy of the security."

In 118 N. Y. Supplement, *Lyng* v. *Marcus,* p. 1056:

"1.   A receivership clause in a real estate mortgage is not of itself sufficient to authorize the appointment of a receiver of rents pending foreclosure, in the absence of proof that the property is not worth the amount of the mortgage and that the mortgagor is insolvent."

104 Ill., pp. 428, 429:

Syl. 7.   "Where the rents and profits together with the land are pledged for the payment of the debt, then upon default in payment and foreclosure, the rents and profits are, as in the land, primarily liable for the debt.   It is therefore a matter of indifference that the real estate is ample security and that the debtor is solvent."

10.   "The mere fact that there has been default in the payment of the debt is no ground for the appointment of a receiver, unless there be a stipulation in the mortgage that the mortgagee shall have the rents."

The court regrets that there is no case in Ohio covering this point, but we do feel that the authorities quoted in the state of New York and that of Illinois, where the statutes are similar to our own, that when rents and profits are pledged as additional security by way of mortgage, it is not necessary to show inadequacy of security or insolvency of the debtor in order to obtain a receiver.

The court is of the opinion that a receiver should be appointed to subject the rents where, as in this case, the rents are pledged as additional security.   Such clauses in mortgages are not of the kind attempting to confer jurisdiction by consent.

. The court hereby appoints Mr. George H. Martin receiver in each case on giving bond in the sum of $2,000 in each receivership.